# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

TERRY DODSON                                                                    PLAINTIFF
ADC #656436

v.                                    3:17CV00110-DPM-JJV

K. BOWERS, Administrator,
Craighead County Detention Center; *et al*.                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Terry Dodson ("Plaintiff") was formerly incarcerated at the Craighead County Detention Facility and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He alleges he was given medication that had been dropped on the floor and handled by a housing officer's bare hands. (*Id*. at 3-4.) Plaintiff seeks damages in the amount of $150,000. (*Id*. at 4.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff states an unnamed housing officer at the Craighead County Detention Facility dropped Plaintiff's two pills on the floor, picked them up with his bare hands, put the pills in his front pocket, and then handed them to Plaintiff. (Doc. No. 1 at 3-4.) Plaintiff alleges this constituted negligence, a violation of his "written facility rights to a clean & safe environment," and a violation of his right to "adequate medical care." (*Id*. at 4.)

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Negligence is not generally actionable under § 1983. In the medical care context, an inmate must demonstrate deliberate indifference to a serious medical need; an inadvertent failure to provide adequate medical care is insufficient. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Davis v. Hall*, 992 F.2d 151, 152-53 (8th Cir. 1993) (applying deliberate-indifference standard to medical care claims brought by pretrial detainees). Plaintiff simply cannot show that being made to take medication that had come into contact with the floor, an officer's bare hands, and the officer's pocket constitutes "the 'unnecessary and wanton infliction of pain' proscribed by the Eighth

3

Amendment." *Estelle*, 429 U.S. at 104 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). More specifically, Plaintiff has not alleged that he suffered any adverse health consequences resulting from the medication being dropped. Therefore, he has not alleged any facts that would satisfy the objective prong of the deliberate indifference inquiry, that any deprivation was "objectively, sufficiently serious." *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir. 1995); *see also Estelle*, 429 U.S. at 106 (a prisoner must "allege acts or omissions sufficiently harmful" to evidence deliberate indifference). To the extent Plaintiff alleges the officer violated the written policy of the Craighead County Detention Facility, "there is no § 1983 liability for violating prison policy." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

In addition, although Plaintiff names Defendant K. Bowers, he makes no mention of this Defendant in his "Statement of Claim." (Doc. No. 1 at 3-4.) To the extent Plaintiff seeks to hold this Defendant responsible based solely on his or her supervisory role, that claim fails. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

For these reasons, Plaintiff's Complaint fails to state a claim upon which relief may be granted. If he has information that would bolster his allegations, he should provide it in his objections to this recommendation.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 7th day of June, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."